FILED

JUN 1 2011

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

FILED

Jun 01, 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

```
In re:                          )   BAP No.   EC-10-1511
                                )
JIMMIE EARL STEPHEN,            )   Bk. No.   10-50583
                                )
              Debtor.           )   CAED CASE 2:11-MC-0050 KJM EFB
                                )
_____ )
                                )
JIMMIE EARL STEPHEN,            )
                                )
              Appellant,        )
                                )
v.                              )   ORDER TRANSFERRING IFP MOTION
                                )   TO DISTRICT COURT
                                )   (Immediate Response Required)
ALAN S. FUKUSHIMA, Trustee;     )
UNITED STATES TRUSTEE,          )
                                )
              Appellees.        )
_____ )
```

Before: DUNN and JURY, Bankruptcy Judges.

Appellant filed a motion for leave to proceed in forma pauperis on March 25, 2011.  On April 7, 2011, the panel issued its order transferring the in forma pauperis motion to the United States District Court for the Eastern District of California.  In the April 7, 2011 order, the panel explained that under the holding of Perroton v. Gray (In re Perroton), 958 F.2d 889 (9th Cir. 1992) and Determan v. Sandoval (In re Sandoval), 186 B.R. 490, 496 (9th Cir. BAP 1995), the Bankruptcy Appellate Panel has

no authority to grant in forma pauperis motions under 28 U.S.C. § 1915(a) because bankruptcy courts are not "court[s] of the United States" as defined in 28 U.S.C. § 451.

On April 28, 2011, the United States District Court for the Eastern District of California issued an Order wherein it concluded that "bankruptcy courts are not courts separate and apart from district courts, but rather, the 'bankruptcy court' is simply a unit of the larger district court." Stephen v. Fukushima, No. 11 MC 0037 MCE GGH PS (E.D.Cal. filed April 28, 2011). The District Court concluded that "[w]ithin their subject matter jurisdiction, 28 U.S.C. § 157, bankruptcy judges have authority to grant in forma pauperis status as would any other judge of the district court." Id. Based on this conclusion, the District Court transferred the in forma pauperis motion to the United States Bankruptcy Court for the Eastern District of California. On May 12, 2011, the Bankruptcy Court transferred the in forma pauperis motion to the Bankruptcy Appellate Panel.

Unfortunately, the Ninth Circuit Court of Appeals has expressly ruled that a "bankruptcy court is not a 'court of the United States' under the definition of that phrase contained in § 451 and does not have the authority to waive fees. . ." Perroton, 958 f. 2d at 896 (emphasis added). "Logic dictates that if bankruptcy courts are not 'courts of the United States,'

2

then neither is the Bankruptcy Appellate Panel." <u>In re Sandoval</u>, 186 B.R. at 496.

The Ninth Circuit Court of Appeals expressly rejected the argument that "bankruptcy courts are not courts separate and apart from district courts, but rather, the 'bankruptcy court' is simply a unit of the larger district court."

> Finally, even if a bankruptcy court is not a "court of the United States" under § 451 and thus lacks direct authority to act under § 1915(a), it could be argued that the bankruptcy court nonetheless has the authority to waive fees under 28 U.S.C. § 157(a). Section 157(a) provides that: "any and all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Thus, notwithstanding its lack of authority to act under § 1915(a), it could be argued that the bankruptcy court may waive fees because, in delegating the authority to the bankruptcy court to hear a case under Title 11, the district court also delegates its authority to entertain a petition to proceed in forma pauperis under § 1930(b) or (c).FN17 <u>This argument, however, also fails given the clear expression of congressional intent to exclude the bankruptcy court from those courts authorized to waive fees under § 1915(a) given the legislative history of § 451 discussed above.</u> This conclusion is bolstered by the fact that § 157 was passed into law in the same piece of legislation that deleted the bankruptcy court language from § 451. BAFJA, P.L. No. 98-353, Title I, § 104(a), 98 Stat. 340 (July 10, 1989).

<u>Perroton</u>, 958 F.2d at 896 (footnote omitted)(emphasis added). Accordingly, bankruptcy courts and bankruptcy appellate panels cannot grant in forma pauperis motions and therefore must refer then to a "court of the United States" with authority to rule on

3

such requests.

Accordingly, appellant's in forma pauperis motion is hereby once again TRANSFERRED to the United States District Court for the Eastern District of California for the limited purpose of ruling on the in forma pauperis motion.

It is appellant's responsibility to take all necessary steps to have the in forma pauperis motion considered by the District Court within a reasonable period of time.

No later than **Thursday, June 30, 2011**, appellant must file with the Bankruptcy Appellate Panel and serve on opposing counsel a written response which includes as an exhibit a copy of the District Court's order on the in forma pauperis motion or an explanation of the steps appellant has taken to have the in forma pauperis motion considered by the District Court.

For the convenience of the District Court, a copy of the notice of appeal, the order on appeal and the in forma pauperis motion will be forwarded to the District Court for consideration.

JIMMIE STEPHEN C56483
P.O. BOX 4000
VACAVILLE CALIFORNIA..95696

**FILED**
DEC 1 6 2010
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**RECEIVED**
Susan M. Spraul, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

DEC 1 6 2010

FILED _____
DOCKETED _____
DATE     INITIAL

"ORIGINAL PAGES 1-12"

UNITED STATES BANKRUPTCY EASTERN
STATE OF CALIFORNIA..

10-50583-D-7

IN RE
JIMMIE STEPHEN
        DEBTOR

"NOTICE OF APPEAL" "FRAP" "6"

(EXHIBITS 1-4)      1.."DISMISSAL OF 11-30-10" "PREMATURE" "ERROR"

DEBTOR JIMMIE STEPHEN HEREBY REQUEST TO "FILE NOTICE OF APPEAL" IN THIS MATTER "FORTHWITH BASED ON "PREMATURE DECISION" OF 11-30-10 WHEN "DUE" ON OR AFTER 12-3-10..UNDER "BANKRUPTCY RULE 505-B"..WHEN "BOTH ADMINISTRATIVE" ACTS OF "BANKRUPTCY CASE" AS TO "10 DAYS" FOR DEBTOR STEPHEN TO FORFILL THE "DISCREPICIES" OF 11-23-10..AS TO "SCHEDULES" "STATEMENTS MAILING LISTS" "CREDITORS".. AS "ADVERSARIAL PORTION" AS A "SEASONED JUDGE" WHOM "RULED WITHIN "4" DAYS AS "DENYING REQUIREMENTS OF "CLERKS NOTICE" DATED FOR "DOCUMENTS TO BE FILED OF "12-3-10"..   "WHEN 28 USC 158-D" AND "1334" "APPLICABLE".

"28 USC 157,144,455" BASED ON "QUESTIONS OF IMPARTIALITY" AND "BIAS"..AS DEBTORS "RIGHT TO STAY DENIED IN THIS MATTER"..WHEN "WAIVER OF FEES" ARE "DENIED "WITHOUT CAUSE" WHEN DEBTOR "150 %" "INDIGENT, POVERTY LEVEL ECT..

"IN RE BELLUCI" 119 B.R. 763..(E.D. CALIF 1990).."AUTOMATIC STAY APPLIES TO "MONEY DAMAGES"..ECT..

"IN RE HORTON" (9TH 1980) 621 F2D 968..STATES BANKRUPTCY JUDGES ARE BOUND BY "BANKRUPTCY RULE 505-B"..AND "DISTRICT JUDGES" BY "28 USC 144,455"..

"IN RE TUCSON" ESTATES INC 912 F2D 1162..(9TH 1990)..STATES ORDER DENYING RELIEF RELIEF FROM "BANKRUPTCY STAY" IS APPEALABLE"..

AS "JUDGE BARDWIL" "WORDS" AND "ACTIONS" OF 11-19-10 UNDER A "REASONABLE" "IMPARTIAL JUDGMENT" "APPEARS" "BIAS" AND "PREJUDICE"..TO "DEBTOR STEPHEN".. "WILLFUL" "DISMISSAL" "BY CLERK" OF 11-30-10 "WITHOUT CAUSE" "AS ERROR"..

1..

## "DECLARATION OF JIMMIE STEPHEN"

"DEBTOR JIMMIE STEPHEN" FILED "CHAPTER 7" FOR "STAY" ON "CREDITORS" AND ON 11-19-10 "CLERKS GAVE NOTICE" THAT DEBTOR HAD TO 12-3-10 TO "FILE" THE" "SCHEDULES"" AND MAILING LIST CREDITORS" ECT.. AS THIS WAS DONE ON 12-1-10 AS IN PROCESS "JUDGE BARDWIL" "DISMISSED "WAIVER OF FEES" AND INSTITUTED HIS OWN PAYMENTS SCHEDULE...WHEN DEBTOR IF 150 % POVERTY LEVEL AND "ELIGIBLE" FOR THE CHAPTER 7 "WAIVER OF FEES"..

ON 11-30-10 THE CLERKS "DISMISSAL" WHEN "REQUESTED DOCUMENTS" AMOUNTED TO "WILLFUL DUE PROCESS""ERROR AND PREJUDICE"..

### "RELIEF REQUESTED"

1.."ORDER""NOTICE OF APPEAL" "FILED""FORTHWITH"..
2.."ORDER FULL WAIVER OF FEES""FORTHWITH"..
3.."ORDER AUTOMATIC STAY"..
4.."ANY OTHER RELIEF"..

(SEE EXHIBITS 1-4)..

TRUE AGAINST FRAUD OR PREJUDICE

DATE 12-10-10                             SIGNATURE _____

2..

EXHIBIT 1..

COPY OF "ORDER OF 11-30-10 BY CLERK" WHEN DOCUMENTS AUTHORIZED OF 11-19-10 TO BE FILED 12-3-10..AS DUE PROCESS DENIED..

3..

FORM L146 Order Dismissing Case for Failure to Timely File Document(s) (v.01.10)    10-50583 – D – 7



UNITED STATES BANKRUPTCY COURT
Eastern District of California

Robert T Matsui United States Courthouse
501 I Street, Suite 3-200
Sacramento, CA 95814

(916) 930-4400
www.caeb.uscourts.gov
M-F 9:00 AM – 4:00 PM

**FILED**

**11/30/10**

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

msws

## ORDER DISMISSING CASE FOR FAILURE TO TIMELY FILE DOCUMENT(S)

Case Number:   10-50583 – D – 7

Debtor Name(s), Social Security Number(s), and Address(es):

Jimmie Earl Stephen C56483
PO Box 4000-22-H-3-L
Vacaville, CA 95696

*Notice of Incomplete Filing and Notice of Intent to Dismiss Case If Documents Are Not Timely Filed* having been given to the Debtor(s), the debtor's(s') attorney, if any, the trustee, all creditors, and other parties in interest, and the Debtor(s) having failed to comply therewith by timely filing the documents referenced therein or a motion to extend time to file the documents for cause shown, and no Notice of Hearing on the Court's Notice of Intent to Dismiss Case having been filed,

**IT IS ORDERED** that the within case be, and is hereby, dismissed.

Dated:   11/30/10

ORDERED PURSUANT TO SPECIAL ORDER 10-02
FOR THE COURT
Wayne Blackwelder, Clerk

By: __msws__
       Deputy Clerk

067663                    83505067730015

```
 1   JIMMIE STEPHEN C56483
     P.O. BOX 4000                                    RECEIVED
 2   VACAVILLE CALIFORNIA..95696                      Susan M. Spraul, Clerk
                                                      U.S. BKCY. APP. PANEL
 3                                                    OF THE NINTH CIRCUIT

 4   "ORIGINAL PAGES # 1-6"..                         MAR 2 5 2011
     "EXHIBIT # 1"..                                  FILED _____
 5                                                    DOCKETED _____
                                                       DATE      INITIAL
 6                  "BANKRUPTCY APPELLATE PANEL"
                          9TH CIRCUIT
 7

 8
     IN RE JIMMIE "STEPHEN"
 9                                          CASE # 10-50583-D-7
           (DEBTOR)
10   _____

11                              "DEBTOR" REQUEST TO "PROCEED" ON
                                 "APPEAL" BY "WAIVER OF FEES" AS WELL
12                                 "OTHER FEES" IN "BANKRUPTCY" DEBTS
                                       WHEN "UNSECURED"..
13
                                A.."SUPPLEMENTAL""FEES" "ORDERED" FROM
14                                 "CREDITORS" OF "USDC-E" COURT WHEN
                                   COMPLAINT # 10-03469-KJM-KJN "FILED"
15                                     3-8-11..
                                B.."AUTOMATIC STAY" "APPLICABLE" UNDER
16                                    "11 USCA 362-A"..

17                              C.."LIENS DISCHARGES UNDER" "11 USCA
                                    522-F".."LLC V CHIU" 304 F3D 905.
                                       (9TH 2002)..
18

19        "DEBTOR JIMMIE STEPHEN" HEREBY "REQUEST GRANTING OF FULL "WAIVER OF FEES"
     WHILE "APPEAL PENDING" BY NAMED "CREDITORS" "USDC-EASTERN"..AND "SUPPLEMENT
20
     DEBT" IN CV-10-03469-KJM-KJN FILED 3-8-11..IN VIOLATION OF "AUTOMATIC STAY"
21
     IN "IN RE BELLUCCI" 119 B.R. 763..(E.D. CALIF 1990)..STATES "AUTOMATIC STAY"
22   APPLIES TO MONEY JUDGMENTS" "EVEN ON APPEAL"..AS "BURDEN IS ON PARTY""ASSERT-
     ING" "NON-DISCHARGEABLE" "MATTER OF VITREOUS" 911 F2D 1233..(7TH 1990).."11
23
     USCA 362-A"..IN RE BOEHMER" 119 B.R.703..(E.D. MO 1990).... "11 USCA 522-F"..
24   AS TO "LIEN DISCHARGES" UPON "INDIGENT" IN RE SMITH" 119 B.R. 1009..(D.N.D.
25   1990).."11 USCA 523-A" AS TO "DETERMINATION OF DISCHARAGEABILITY"..

          AS IN THIS ACTION NAMED "CREDITOR" IN CV-10-03469-KJM-KJN HAS LODGE: A
26
     "FEE" OR "JUDGMENT" DURING THIS "APPEAL" WHETHER IS "DISCHARGEABLE" IS ON THE
27   "PARTY" ALLEGING "NON-DISCHARGEABILITY" OF ANY "JUDGMENT" ON "APPEAL"..

28   IN THIS ACTION..
                           TRUE AGAINST FRAUD OR PERJURY
         DATE 3-22-11                             SIGNATURE /s/ Jimmie Stephen

                                    1..
```

EXHIBIT # 1..

COPY OF "WAIVER OF FEES REQUEST" OF 11-19-10 APPEAL IN THIS ACTION"..

2..

Case: 10-15511 Document: 0099836062 Filed: 06/02/2011 Page: 10 of 64
Case 2:11-mc-00050-KJM-EFB Document 1 Filed 06/01/11 Page 10 of 14

**General Docket**
**U. S. Bankruptcy Appellate Panel for the Ninth Circuit**
Case 2:11-mc-00050-KJM-EFB   Document 1   Filed 06/01/11   Page 11 of 14

| | |
|---|---|
| **Bankruptcy Appellate Panel Docket #:** 10-1511<br>Jimmie Stephen v. Alan Fukushima, et al<br>**Appeal From:** California Eastern - Sacramento<br>**Fee Status:** fee due | **Docketed:** 12/23/2010 |

**Case Type Information:**
   **1)** Bankruptcy
   **2)** Chapter 7 Non-Business
   **3)** null

**Originating Court Information:**
   **District:** 0972-2 : 10-50583
   **Trial Judge:** Robert S Bardwil, U.S. Bankruptcy Judge
   **Date Filed:** 11/19/2010

| **Date Order/Judgment:**<br>11/30/2010 | **Date NOA Filed:**<br>12/16/2010 | **Date Rec'd BAP:**<br>12/22/2010 |
|---|---|---|

**Prior Cases:**
   None

**Current Cases:**
   None

**Panel Assignment:**    Not available

---

In re: JIMMIE EARL STEPHEN
            Debtor
-----------------------------

| | |
|---|---|
| JIMMIE EARL STEPHEN, C56483<br>          Appellant | Jimmie Earl Stephen<br>[NTC Pro Se]<br>P.O. Box 4000-22H-3-L<br>Vacavilla, CA 95696 |
| v. | |
| ALAN S. FUKUSHIMA, Trustee<br>          Appellee | Alan S. Fukushima<br>[NTC Pro Se]<br>#200<br>9245 Laguna Springs Dr<br>Elk Grove, CA 95758 |
| UST- UNITED STATES TRUSTEE, SACRAMENTO<br>          Appellee | ust- United States Trustee, Sacramento<br>[NTC Pro Se]<br>Robert T Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |

In re:  JIMMIE EARL STEPHEN

       Debtor

------------------------------

JIMMIE EARL STEPHEN, C56483

       Appellant

v.

ALAN S. FUKUSHIMA, Trustee; UST- UNITED STATES TRUSTEE, SACRAMENTO

       Appellees

| Date | Doc | Description |
|---|---|---|
| 12/22/2010 | 16 pg, 2.19 MB | Received notice of appeal filed in Bankruptcy Court on 12/16/2010, notice of referral, transmittal form. (VJ) |
| 01/04/2011 | 3 pg, 78.16 KB | Notice to all parties and Bankruptcy Court RE: BAP Case number assigned: EC-10-1511. Sent Bankruptcy Record Request Form to Bankruptcy Court. (VJ) |
| 01/18/2011 | 3 pg, 43.51 KB | Filed order (Deputy Clerk: sms) IT IS ORDERED THAT no later than Monday, February 7, 2011, appellant must file a response with the BAP indicating why the scope of this appeal should not be limited to review of the order dismissing the bankruptcy case.; dated: 01/18/2011. (VJ) |
| 02/22/2011 | | Mail returned by U.S. Post Office on 02/22/2011; Document: Clerk's Order re: Scope of Appeal for Jimmie Earl Stephen ; filed on 01/18/2011. (VJ) |
| 03/07/2011 | 2 pg, 42.49 KB | Filed order (HOLLOWELL) Since the notice of appeal was timely filed as to the dismissal order under the "prison mail-box" rule. IT IS FURTHER ORDERED THAT no later than Monday, March 28, 2011, appellant must file with the BAP a written response indicating that the filing and docketing fees, the designation of record, the statement of issues, and a notice re transcripts have all been filed in the bankruptcy court. (VJ) |
| 03/22/2011 | | Mail returned by U.S. Post Office on 03/22/2011; Document: Order re: Prosecution of Appeal for Jimmie Earl Stephen ; filed on 03/07/2011. Reason: Mail Refused (VJ) |
| 03/25/2011 | 6 pg, 1.02 MB | Filed original and copies of Party Jimmie Earl Stephen's motion to proceed in forma pauperis; served on 03/22/2011. (VJ) |
| 04/07/2011 | 14 pg, 1.15 MB | Filed order (HOLLOWELL and JURY); Appellant's IFP Request is hereby TRANSFERRED to the United States District Court for the Eastern District of California for the limited purpose of ruling on the IFP Motion. No later than Monday, May 9, 2011, appellant must file with the BAP and serve on opposing counsel a written response which includes as an exhibit a copy of the district court's order on the IFP Motion or an explanation of the steps appellant has taken to have the IFP Motion considered by the district court. (VJ) |
| 04/19/2011 | 3 pg, 47.37 KB | Sent BRIEFING ORDER & NOTICE to appellant. Copies to all parties. Appellant Jimmie Earl Stephen's opening brief due 06/03/2011 (VJ) |
| 04/19/2011 | 2 pg, 42.64 KB | Notice of Deficiency sent to Appellant RE: Record on appeal not filed for lack of prosecution. Re: Response Due: 05/03/2011. cc: All parties. (VJ) |
| 04/29/2011 | 2 pg, 277.27 KB | Received from U.S. District Court copy of document(s) re: IFP Order ;served on 04/28/2011. (VJ) |
| 05/16/2011 | 2 pg, 42.64 KB | Notice of Deficiency sent to Appellant RE: Record on appeal not filed for lack of prosecution. Re: Response Due: 05/31/2011. cc: All parties. (VJ) |
| 05/24/2011 | 28 pg, 3.46 MB | Filed Party Jimmie Earl Stephen's response to IFP order filed on 04/07/2011; served on 05/19/2011. (VJ) |
| 06/01/2011 | 14 pg, 1.62 MB | Filed order ( Clerk sms: ) ORDER Transferring IFP motion to District Court. ; dated: 06/01/2011. (VJ) |

Clear All

◉ Documents and Docket Summary
◯ Documents Only

☑ Include Page Numbers

**Selected Pages:** 0   **Selected Size:** 0 KB

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/01/2011 14:05:44 | | | |
| **PACER Login:** | us5194 | **Client Code:** | |
| **Description:** | Docket Report (full) | **Search Criteria:** | 10-1511 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |